```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -  x
                                 :
UNITED STATES OF AMERICA         :    SEALED INDICTMENT
                                 :
        - v. -                   :    22 Cr. ___
                                 :
GABRIEL EDELMAN,                 :
                                 :
        Defendant.               :    22 CRIM 626
                                 :
- - - - - - - - - - - - - - - -  x
```

## COUNT ONE

### (Securities Fraud)

The Grand Jury charges:

### Overview of the Fraudulent Scheme

1.    From at least in or about 2017 up to and including at least in or about 2021, GABRIEL EDELMAN, the defendant, perpetrated a fraudulent scheme to misappropriate funds entrusted to him by investors and divert them for, among other things, his personal use.    To induce clients to part with their money, EDELMAN fraudulently represented that he would use all investor funds to invest in particular cryptocurrencies at discounted rates supposedly available to him, and that the investments were generating positive returns.    In truth and in fact, however, on many occasions, EDELMAN did not intend to invest all of investors' funds in cryptocurrencies as he had represented, but rather intended to and did use much of their funds to pay his personal expenses, such as to pay off credit card debt, to make payments to

relatives, or to perpetuate the scheme by paying purported "returns" to other investors, in Ponzi-like fashion.

2.   During the course of the fraudulent scheme, GABRIEL EDELMAN, the defendant, received over $10 million in investor funds from approximately 31 investors.  He diverted approximately $4.1 million for personal use, and he used approximately $2.9 million to pay investors purported "returns."

3.   GABRIEL EDELMAN, the defendant, perpetrated the fraudulent scheme in part through two entities that EDELMAN established and that, at all relevant times, were solely controlled by EDELMAN—namely, Creative Advancement LLC and Edelman Blockchain Advisors LLC.

**Representative Examples of EDELMAN's Fraudulent Conduct**

4.   As a representative example of the fraudulent conduct perpetrated by GABRIEL EDELMAN, the defendant, on or about February 9, 2018, a particular victim-investor ("Victim-1") wired EDELMAN through Creative Advancement LLC approximately $25,000 based upon EDELMAN's representation that he would invest the money in the initial coin offering of a particular cryptocurrency.

5.   On or about June 5, 2018, Creative Advancement LLC wired Victim-1 approximately $35,000 as a purported 1.4x return on Victim-1' initial $25,000 investment.

6.   The approximately $35,000 that Creative Advancement LLC wired to Victim-1 on or about June 5, 2018 did not, however,

consist of returns on Victim-1's February 9, 2018 investment. Instead, most, if not all, of the $35,000 came from another victim-investor ("Victim-2"), who had invested money with GABRIEL EDELMAN, the defendant, on or about June 4, 2018.

7.   GABRIEL EDELMAN, the defendant, provided Victim-1 that supposed 1.4x return on investment to induce Victim-1 to invest more money with him.  On or about June 14, 2018, Victim-1 executed an investment contract with EDELMAN, pursuant to which Victim-1 contributed an additional $150,000 to Creative Advancement LLC for use in cryptocurrency investments.

8.   About two months later, GABRIEL EDELMAN, the defendant, paid Victim-1 a purported 1.5x return on that investment. Specifically, on or about August 13, 2018, Edelman Blockchain Advisors LLC wired Victim-1 approximately $225,000.   That approximately $225,000, however, did not consist of returns on Victim-1's investment.   Instead, those funds came from another victim-investor ("Victim-3"), who had invested with EDELMAN only three days before.

9.   GABRIEL EDELMAN, the defendant, provided Victim-1 that purported 1.5x return on investment to induce Victim-1 to invest more money, and Victim-1 did, in fact, invest more money as a result of receiving that purported return.   Specifically, approximately one week after Victim-1 received the approximately $225,000, on or about August 20 and 21, 2018, Victim-1 and EDELMAN

3

executed another investment contract, pursuant to which Victim-1 contributed $400,000 to Edelman Blockchain Advisors LLC for use in a cryptocurrency investment.

10.  GABRIEL EDELMAN, the defendant, did not, however, invest those funds in cryptocurrency. Instead, EDELMAN misappropriated those funds. For example, EDELMAN used approximately $34,236 of Victim-1's investment to pay off EDELMAN's personal credit card debt; he used approximately $30,000 to make payments to his relatives; and he used approximately $239,250 to pay supposed returns to other investors, perpetuating the Ponzi scheme.

11.  Following the same pattern, in or about October 2018, GABRIEL EDELMAN, the defendant, paid Victim-1 approximately $540,000 -- a supposed 1.35x return on Victim-1's August 2018 investment of approximately $400,000. In truth and in fact, however, the funds paid to Victim-1 were not the proceeds of any investment but were instead funds misappropriated from other victims who had recently entrusted those funds to EDELMAN for investment.

**EDELMAN Left the United States and Evaded his Victims**

12.  In or about February 2020, GABRIEL EDELMAN, the defendant, left the United States and thereafter resided, variously, in Spain, Gibraltar, and Israel. After EDELMAN left the United States, multiple victim-investors continued to communicate with EDELMAN, including by text message and email, in

4

an effort to recoup their funds. EDELMAN repeatedly ignored messages, made excuses for why he was unable satisfy redemption requests, and made promises about when and how he would make future payments that he did not, and never intended to, fulfil.

## Statutory Allegations

13. From at least in or about 2017 up to and including in or about 2021, in the Southern District of New York and elsewhere, GABRIEL EDELMAN, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce, and of the mails and a facility of a national securities exchange, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of a security, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, EDELMAN engaged in a scheme to defraud his investment clients by entering into investment contracts that he did not intend to honor, making misrepresentations to investors regarding his use of their funds, and diverting those funds for his personal use and for other

5

unauthorized purposes.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through 12 are repeated and realleged as though fully set forth herein.

15.   From at least in or about 2017 up to and including in or about 2021, in the Southern District of New York and elsewhere, GABRIEL EDELMAN, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, EDELMAN engaged in a scheme to defraud his investment clients by making misrepresentations regarding his use of their funds and diverting those funds for his personal use and for other unauthorized purposes, including through the use of interstate wires, some of which passed through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATIONS**

16.  As a result of committing the offenses alleged in Counts
One and Two of this Indictment, GABRIEL EDELMAN, the defendant,
shall forfeit to the United States pursuant to Title 18, United
States Code, Section 981(a)(1)(C), and Title 28, United States
Code, Section 2461(c), any and all property, real and personal,
that constitutes or is derived from proceeds traceable to the
commission of said offenses, including but not limited to a sum of
money in United States currency representing the amount of proceeds
traceable to the commission of said offenses.

**Substitute Asset Provision**

17.  If any of the above-described forfeitable property, as
a result of any act or omission of GABRIEL EDELMAN, the defendant:

a.  cannot be located upon the exercise of due
diligence;

b.  has been transferred or sold to, or deposited with,
a third party;

c.  has been placed beyond the jurisdiction of the
court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United
States Code, Section 853(p), and Title 28, United States Code,

7

Section 2461(c), to seek forfeiture of any other property of the
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853;and
Title 28, United States Code, Section 2461.)

FOREPERSON (DFP)

DAMIAN WILLIAMS
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

---

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

### GABRIEL EDELMAN,

Defendant.

---

### SEALED INDICTMENT

22 Cr. ____

(18 U.S.C. §§ 2, 1343;
15 U.S.C. §§ 78j(b), 78ff;
17 C.F.R. § 240.10b-5.)

DAMIAN WILLIAMS
United States Attorney

_John Bollman_ ( DFP)
Foreperson

---